UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY BLOUNT,

        Plaintiff,

                              CASE NO. 2:10-CV-11029
v.                             HONORABLE MARIANNE O. BATTANI

STATE OF MICHIGAN,

        Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.     Introduction

Before the Court is Plaintiff Danny Blount's *pro se* complaint and request for investigation, which the Court construes as a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that a Hamtramck police officer committed fraud and perjury and threatened witnesses during his state criminal proceedings. Plaintiff asserts that his federal constitutional rights were violated and seeks an investigation. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted.

II.    Discussion

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis*

1

complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal.

First, a claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his

2

imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff were to prevail on his claims, the validity of his continued confinement would be called into question. Such claims are barred by *Heck* and must be dismissed.

Second, Plaintiff's complaint is subject to dismissal to the extent that he alleges that the State has failed to properly investigate, discipline and/or prosecute the allegedly corrupt police officer and demands an investigation. A private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See, e.g., White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."). Plaintiff has thus failed to state a claim upon which relief may be granted under § 1983 in this regard.

III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** Plaintiff's complaint and request for investigation. Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2010

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon Plaintiff via ordinary U. S. Mail.

s/Bernadette M. Thebolt
Case Manager